FAIN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 3, 1920. Rehearing Denied July 6, 1920.)

No. 3399.

1. **United States ⊸123—Variance not fatal in indictment for presentation of false claim.**

Under an indictment based on Criminal Code, § 35 (Comp. St. § 10199), charging that defendant as a special agent of the Land Department presented a false and fraudulent claim against the United States for $45 for expenses incurred, proof showing that the claim presented was for a larger amount, but that $45 of the amount claimed and covered by voucher was not in fact paid out, *held* not a fatal variance, where no objection was made to the indictment or evidence.

**2. Indictment and information ☞130—Each false item in claim against United States constitutes separate offense, and chargeable in separate counts of indictment.**

Where a special agent of the Land Department presented a claim for expenses during the preceding month, each item of said claim which was false and fraudulent constituted a separate offense, under Criminal Code, § 35 (Comp. St. § 10199), and each may be charged in separate counts of the same indictment.

**3. United States ☞123—Evidence of common disregard of expense regulations not a defense to prosecution for presenting false claims.**

On trial of defendant for having, as special agent of the Land Department, presented false and fraudulent claims for expenses, evidence that regulations respecting expenses in other departments of the service were disregarded in practice *held* properly excluded as immaterial.

In Error to the District Court of the United States for the District of Arizona; William H. Sawtelle, Judge.

Criminal prosecution by the United States against Jesse C. Fain. Judgment of conviction, and defendant brings error. Affirmed.

Leyhe & Burch, of Phœnix, Ariz., for plaintiff in error.

Thomas A. Flynn, U. S. Atty., and John H. Langston, Asst. U. S. Atty., both of Phœnix, Ariz., and Annette Abbott Adams, U. S. Atty., of San Francisco, Cal.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The plaintiff in error, a special agent of the General Land Office, was convicted on the second and third counts of an indictment brought under section 35 of the Penal Code (Comp. St. § 10199). The second count charged in substance that on February 2, 1918, he presented for approval to the Chief of the Field Division of the General Land Office a false and fraudulent claim and voucher for $45 against the United States, alleging the same to have been paid by him to one Woodling for hire of automobile and driver on January 8, 9, and 10, 1918, which claim and voucher was accompanied by a certain subvoucher and receipt signed by said Woodling; that said sum of $45 was not paid for the use of an automobile, or at all, as the plaintiff in error well knew. The third count charged that on February 2, 1918, the plaintiff in error made a false and fraudulent claim and voucher for $56 against the United States for approval by the said Chief of the Field Division, representing therein that $56 had been paid to one Roach for hire of automobile and driver on January 25, 26, 27, and 28, 1918; that said claim and voucher was accompanied by a subvoucher and receipt signed by Roach; that said sum was not paid for the use of an automobile, or at all, to the said Roach, and that the plaintiff in error knew the said claim and voucher to be false and fraudulent.

[1] It is contended that there was a fatal variance between the counts and the proof in this: That the claim as presented for approval showed a payment to Roach of $112 and a payment to Woodling of $120, and the receipts which were filed with the claim were

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for the said respective sums. The government, on the trial, was content to prove that, of the $120 purported to have been paid to Woodling, $45 was never paid, and that, of the $112 alleged to have been paid to Roach, $56 was not paid. The plaintiff in error made no objection on the trial on the ground of variance, and no objection was interposed to any of the proof tending to show the false portions of the items. But he now contends that this court should take notice of what he claims was a plain error, notwithstanding that no exception was saved. We cannot see how the substantial rights of the plaintiff in error were prejudiced by the admission of the testimony. The indictment had charged false claims, in that $45 was alleged to have been paid to one and $56 to another, and that these items were false was shown by competent testimony. There was but one payment to Woodling and one payment to Roach in the itemized statement of expenses which was presented on February 2, 1918, amounting in all to $486.50. It would have been better pleading to set forth the full amount of the respective items paid to Roach and Woodling, and then specify the portions thereof which were deemed to be false and fraudulent. But no complaint was made that the indictment did not give the plaintiff in error sufficient notice of the charge which he was called upon to meet. If he needed further information, he should have demanded a bill of particulars.

[2] Error is assigned to the denial of the motion, made at the conclusion of the testimony for the prosecution, that the government be required to elect upon which count or transaction it would ask conviction, and it is argued that the offense of making a false claim and voucher is a single, inseparable, and indivisible offense, and that to separate it as was done by the indictment was to create a multiplicity of charges for the same transaction, and that, inasmuch as the jury found the accused not guilty under the first count, which related to an item alleged to have been paid to one Ogden, the verdict amounted to an acquittal as to the other counts. We find no merit in the contention. As a general rule, election lies in the discretion of the trial court. 14 R. C. L. 198. Notwithstanding that the claims were presented in a single instrument, containing an itemized statement of expenses paid at different dates during the month of January, each item may be considered a claim, and we think an indictment might properly lie for each if each were false and fraudulent. No exception was taken to the instruction of the court to the jury that each item was to be treated as a separate claim against the government, and the assignments of error admit that each item, "if false, fictitious, and fraudulent, constituted a separate and distinct offense." The fact that no evidence was produced sufficient to convict upon the first count charging a false claim and voucher for payment to Ogden had no relation to the question of the guilt or innocence of the accused in presenting false claims and vouchers for payments to other persons. Under section 1024, Revised Statutes (Comp. St. § 1690), the different counts might properly be united in one indictment. The two offenses for which the plaintiff in error was convicted were separate and distinct, and, even if they were not, he could have no

ground of complaint, since his defense could not have been embarrassed thereby, and the sentence for each was the same, and the terms of imprisonment were made to run concurrently. There is no ground for holding that the counts of the indictment placed the plaintiff in error twice in jeopardy. The evidence to support each count was separate and distinct, and neither count could have been sustained or proven by the evidence which related to any of the other counts. 8 R. C. L. 143.

Error is assigned to the admission in evidence of two blank vouchers issued by the General Land Office as a form of receipt for traveling expenses, and which were found in the possession of the plaintiff in error. No objection was made in the court below to the admission of these papers, and it is too clear to require discussion that the plaintiff in error could not have been injured thereby.

[3] Error is assigned to the exclusion of testimony offered by a special land agent called as a witness for the defense, for the purpose of showing that the rules and regulations of the Secretary of the Interior were not technically observed and followed by the agents in the field; that in the Forest Service and Agricultural Department of the United States it was the custom to use cars in the transaction of field work and to charge the expense thereof to the government. A circular issued under the direction of the Secretary of the Interior, however, provided that "no employé shall be allowed to use or charge for his own automobile for official purposes." The plaintiff in error had admitted that he was aware of this regulation, and that he knew he would not get the money if he stated the facts, and that he prepared the fictitious receipts for the express purpose of circumventing the rules and regulations of the Department of the Interior. It plainly was not error to exclude testimony that the rule had been disregarded in the Forest Service or in the Indian Service. it is true that in Haas v. Henkel, 216 U. S. 462, 480, 30 Sup. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112, it was said that the regulations of a department "need not be promulgated in any set form nor in writing." But here the purpose of the proffered testimony was not to show the regulations of the department, but to show a disregard thereof in practice. Again, the testimony, if admissible, could not have benefited the accused, for the evidence was undisputed that his automobile was not used at all on the days for which the charges of $45 and $56, respectively, were made.

There was no error in admitting in evidence the letter which the plaintiff in error wrote to the Commissioner of the General Land Office on March 1, 1918. The plaintiff in error had testified that the automobile which he used was one which he had purchased, that he knew it was against the regulations of the Interior Department to use his own car and charge for it, and that he took vouchers in the name of other persons, because he knew he could not collect for the expense if he charged for it in his own name and signed the vouchers himself. On cross-examination he was asked if he had not stated to the Chief of Field Division that the car which he used and charged for belonged to Charles G. Roach. This he denied. There

was proof that he had made such a statement, and the letter tended to corroborate that fact. In the letter he said:

"The car I used belongs to a young man who is out here for his health, and has nothing else to do."

We find no error. The judgment is affirmed.